[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant James Gause was convicted of committing robberies at two businesses, a Wendy's fast-food restaurant and a United Dairy Farmers convenience store. The cases were joined for trial. In the case numbered B-9908400, which involved the robbery at the Wendy's restaurant, a jury found Gause guilty of one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and one count of robbery in violation of R.C.2911.02(A)(2). The aggravated-robbery count was accompanied by two firearm specifications and a repeat-violent-offender specification. The robbery count was accompanied by a repeat-violent-offender specification. The trial court found him guilty of the specifications.
In the case numbered B-9908286, which involved the robbery of United Dairy Farmers store, the jury found Gause guilty of one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and two counts of robbery in violation of R.C. 2911.02(A)(2).
The trial court imposed sentences of sixteen years and ten years, ordering that the terms be served consecutively, resulting in a twenty-six-year prison term.
In his appeal, Gause raises two assignments of error. In his first assignment, he contends that the convictions for aggravated robbery and robbery were against the manifest weight of the evidence. In his second assignment, Gause claims ineffective assistance of counsel. We overrule both assignments.
Although Gause's first assignment claims to raise a challenge to the weight of the evidence, his primary argument, that "insufficient evidence was presented to the jury to allow them to find Gause guilty beyond a reasonable doubt of these robberies," clearly demonstrates that his challenge is to the sufficiency of the evidence. And because his brief fails to provide the facts to enable this court to determine whether the challenge goes to all, or only some, of the convictions, we assume that he takes issue with the convictions resulting from both the Wendy's restaurant incident and the United Dairy Farmers incident.
To reverse Gause's convictions for insufficient evidence, we must conclude, upon reviewing the evidence in the light most favorable to the prosecution, that no reasonable trier of fact could have found him guilty of aggravated robbery and robbery.[1] In doing so, we may neither resolve evidentiary conflicts in favor of Gause nor substitute our assessment of the credibility of the witnesses for that of the trier of fact.[2]
The employees of each establishment identified Gause as the person who robbed them. The manager of the Wendy's restaurant saw Gause point a gun at him and heard Gause threaten to start shooting if he did not receive money. He said that he wanted no coins. The manager gave Gause approximately $300. During the incident he had the opportunity to observe Gause in a well-lit area for eight to ten minutes, and he later identified him in a lineup and at trial.
In the second incident, Gause robbed two female employees at a United Dairy Farmers store located near the Wendy's restaurant. One of the employees saw him flash "something" quickly and heard him tell her that he "would blow everybody's head away." She told the other employee to empty her cash drawer. Gause told both employees that he wanted no coins. He told the second employee that if she did not hurry, "everyone was going to get killed." Gause took approximately $150. The police arrested him minutes later in the Alms Hill Apartments, a nearby apartment building. The United Dairy Farmers employees identified Gause soon afterwards.
To convict Gause of aggravated robbery, the state had to prove that while attempting or committing a theft offense, he had a deadly weapon on or about his person or under his control and displayed, brandished, or used it, or indicated that he possessed it.[3] To obtain a conviction for robbery, the state had to prove that Gause, in attempting or committing a theft offense, threatened to inflict physical harm on another.[4] The evidence, when viewed in a light most favorable to the state, was sufficient to support convictions the crimes that occurred at each establishment.
In his second assignment, Gause contends that his trial counsel was ineffective for failing (1) to move to suppress the evidence found on Gause and (2) to retain an eyewitness-identification expert. To prevail on his claim of ineffective assistance, Gause "must demonstrate that his trial counsel substantially violated an essential duty owed to him and that this deficiency prejudiced his defense."[5] To demonstrate prejudice, Gause must show that his counsel's performance was so deficient that it "rendered the result of trial unreliable or the proceeding fundamentally unfair."[6] As a reviewing court, we must be "highly deferential," presume that trial counsel was competent, and not second-guess debatable trial tactics.[7]
The evidence demonstrates that a police officer stopped Gause based on identifications made by the victims of the United Dairy Farmers robberies. The search that produced evidence that, according to Gause, should have been challenged by counsel occurred incident to Gause's arrest and after he had been given his Miranda rights. Because there was no basis to move to suppress the evidence, counsel's failure to act did not violate an essential duty.[8] We also conclude that Gause has failed to demonstrate how he was prejudiced by his trial counsel's failure to retain an eyewitness-identification expert. The record shows that trial counsel effectively used cross-examination and closing argument to highlight inconsistencies in witnesses' testimony.[9]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Mechlem (Jan. 24, 1996), Hamilton App. No. C-950328, unreported, citing State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819, 825, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338; State v. Williams (1997), 79 Ohio St.3d 1, 10, 679 N.E.2d 646, 656, certiorari denied (1998), 522 U.S. 1053, 118 S.Ct. 703.
[3] See R.C. 2911.01(A)(1).
[4] See R.C. 2911.02(A)(2).
[5] See State v. Juarez (July 17, 1998), Hamilton App. No. C-970368, unreported, citing Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[6] See Lockhart v. Fretwell (1993), 506 U.S. 364, 372, 113 S.Ct. 838,844.
[7] See Strickland v. Washington (1984), 466 U.S. 668, 690,104 S.Ct. 2052, 2065.
[8] Accord State v. Mills (1992), 62 Ohio St.3d 357, 370, 582 N.E.2d 972,985.
[9] Accord State v. Madrigal (2000), 87 Ohio St.3d 378, 390,721 N.E.2d 52, 65, certiorari denied (2000), ___ U.S. ___,121 S.Ct. 99.